IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FOUR POINTS COMMUNICATION SERVICES, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 4:13-cv-1003 |
| BRYAN BOHNERT | ) ) | |
| and | ) ) | |
| RAPID JACK SOLUTIONS, INC. | ) ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff Four Points Communications Services, Inc., by and through its attorneys, David M. Slaby, Paule, Camazine & Blumenthal states and complains as follows:

### <u>PARTIES</u>

1.      Plaintiff Four Points Communications Services, Inc. ("Plaintiff") is a Missouri corporation, organized under the laws of the State of Missouri and is in good standing.

2.      Defendant Bryan Bohnert ("Defendant Bohnert") is an adult individual of the State of Missouri and resides at 3122 Bear View Court, Wentzville, Missouri 63385.

3.      Defendant Rapid Jack Solutions, Inc. ("Defendant Rapid Jack") is a corporation organized under the laws of the State of Missouri and is in good standing and was formed on or about April 3, 2013.   Its registered agent is CSC – Lawyers Incorporating Service, 221 Bolivar Street, Jefferson City, Missouri  65101 and its principal place of business is 1001 Boardwalk Springs Place, Suite 111, O'Fallon, Missouri  63368.

4.      Defendant Bohnert was Plaintiff's Vice President of Business Development from approximately October 15, 2007 to March 4, 2013.

5.      Pursuant to Defendant Bohnert's employment with Plaintiff, Defendant Bohnert signed an Employment Agreement a copy of which is attached hereto and incorporated herein by reference as Exhibit 1.

6.      The Employment Agreement provides in part:

Employee acknowledges that any opportunity, in any way related to the business of the Company, of which he becomes aware during the Employment Period shall be considered to be an opportunity of the Company….Employee further agrees that, during the Employment Period, he will refer to the Company all ideas, procedures or work of any nature related to the business of the Company (which then become the exclusive property of the Company) which may come to the attention of Employee or be under the control of Employee, but Employee understands that the Company shall have the right to accept or reject any such ideas, procedures or work within its sole discretion and to set fees related thereto.

7.      Plaintiff, and Defendant Bohnert, as an employee of Plaintiff, expressed interest in developing a computer software system for application on Apple iPads, iPhones, etc. referred to herein as "SSAM" which is Site Survey Assistant Manager.

8.      Plaintiff, through its President, Tom Foreman, instructed Defendant Bohnert to take charge of finding the appropriate software developers to develop the same application for use in Plaintiff's projects.

9.      SSAM was developed while Defendant Bohnert was an employee of Plaintiff as he was instructed and directed to do; however, Defendant Bohnert withheld the source code for SSAM and claimed that he owned the SSAM software.

10.      The source code for SSAM was authored exclusively for use of Plaintiff.  The SSAM's source code was authored in 2012 while Defendant Bohnert was an employee of Plaintiff.

11.     Defendant Bohnert formed Rapid Jack Solutions, Inc. and Defendant Bohnert serves as Defendant Rapid Jack's President.  Defendant Rapid Jack and Defendant Bohnert hold themselves out as the owners of the copyright in SSAM.

12.     This is a civil action seeking a declaratory judgment that Plaintiff owns the copyrights and the source code for SSAM, a/k/a Site Survey Assistant Manager.

## JURISDICTION AND VENUE

13.     Jurisdiction in this Court is proper as the case presents a federal question in controversy, pursuant to 28 U.S.C. §1331 and 1338(a).  This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §2201.

14.     Venue in the Eastern District of Missouri, Eastern Division is appropriate because the conduct giving rise to Plaintiff's claims occurred in this district, pursuant to 28 U.S.C. §1391(b)(2).

## COUNT I – DECLARATORY JUDGMENT REGARDING OWNERSHIP OF COPYRIGHT

15.     The source code for SSAM is an original work subject to the protections of the United States Copyright Code, 17 U.S.C. §101 et seq.

16.     A dispute has arisen regarding the ownership of the copyright and the source code for SSAM.

17.     Plaintiff claims the sole and exclusive ownership of the copyright in the source code for SSAM pursuant to 17 U.S.C. §201(a).

18.     Plaintiff also claims that the source code was a work made for hire and, as a result, the copyrights and the source code are owned by Plaintiff and are an asset of the business.

19.     If Defendant Bohnert engaged a third-party to prepare any portion of the SSAM source code, then Defendant Bohnert did so as an agent of Plaintiff, and if such third-party

assigned their copyright in the source code to Defendant Bohnert, Plaintiff, as Defendant Bohnert's principal, is the owner of such copyright.

20.     Further, Defendant Bohnert, pursuant to the terms of his Employment Agreement, has assigned whatever copyright he may have in SSAM to Plaintiff.

21.     Defendant Bohnert claims that SSAM was authored and created by individuals on Defendant Bohnert's behalf and that all work done to create the source code by Defendant Bohnert was conducted while Defendant Bohnert was outside of his normal working hours.

WHEREFORE, Plaintiff respectfully requests the following:

(a)     A declaratory judgment that Plaintiff is the sole and exclusive owner of the copyright and the source code for SSAM;

(b)     A declaratory judgment that Defendant Bohnert does not have any ownership interest of the source code for SSAM;

(c)     A declaratory judgment that the source code for SSAM is "work made for hire" within the meaning of the copyright code, 17 U.S.C. §101;

(d)     A declaratory judgment that any copyright Defendant Bohnert may have in SSAM was assigned to Plaintiff pursuant to the Employment Agreement between Plaintiff and Defendant Bohnert;

(e)     A declaratory judgment that the Defendant Bohnert and Defendant Rapid Jack do not have any ownership interest in the copyrights or the source code for SSAM; and

(f)     Any such further relief to Plaintiff as the Court deems just and equitable.


PAULE, CAMAZINE & BLUMENTHAL, P.C.
*A Professional Corporation*


By: /s/ David M. Slaby
David M. Slaby, MBE #48035MO
165 N. Meramec Avenue, Suite 110
St. Louis, Missouri 63105
Telephone No.  (314) 727-2266
Facsimile No.  (314) 727-2101
dslaby@pcblawfirm.com
Attorneys for Plaintiff