# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| FOUR POINTS COMMUNICATION SERVICE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:13-CV-1003 JAR |
| BRYAN BOHNERT and RAPID JACK SOLUNTIONS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Bryan Bohnert and Rapid Jack Solutions, Inc.'s Motion to Dismiss Plaintiff Four Points Communication Services, Inc.'s Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. (ECF 10.) Plaintiff filed a response in opposition to Defendants' motion (ECF 12), and Defendants filed a reply brief (ECF 13). Accordingly, the matter is ready for disposition. For the reasons stated below, the motion will be DENIED.

## I. STANDARD OF REVIEW

Defendants, in moving to dismiss for failure to state a claim, bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive such a motion, a complaint must contain sufficient well-pleaded facts that state a plausible claim to relief. Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, as discussed herein, Defendants seek dismissal on the basis that there is not an "actual controversy" between the parties. This argument does not implicate the sufficiency of the Complaint; rather, by contending that there is not an actual

controversy between the parties, Defendants dispute that this Court has subject matter jurisdiction over the action. See Arris Group, Inc. v. British Telecomms. PLC, 639 F.3d 1368, 1373 (Fed. Cir. 2011) ("A party has standing to bring an action under the Declaratory Judgment Act if an actual controversy exists, which is the same as an Article III case or controversy." (quotations omitted)); County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) (finding that a plaintiff failed to establish standing when it could not "point to any definite controversy that exists" between the parties); Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002) ("[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." (citation omitted)). Such a motion is properly brought pursuant to Rule 12(b)(1). See Faibisch, 304 F.3d at 801 ("[A] standing argument implicates Rule 12(b)(1)."). Accordingly, the Court will evaluate Defendants' motion under Rule 12(b)(1).

In many cases, characterizing a motion as one brought pursuant to Rule 12(b)(1) rather than Rule 12(b)(6) would not affect the ultimate determination of the motion. See Morrison v. Nat'l Austl. Bank Ltd., — U.S. —, 130 S. Ct. 2869, 2877 (2010) ("Since nothing in the analysis of the courts below turned on the [jurisdictional] mistake, a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion."); see also Wilson v. Duckett Truck Ctr., No. 1:12-CV-85-SNLJ, 2013 WL 384717, at *1 (E.D. Mo. Jan. 31, 2013) ("The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6)." (citation omitted)). However, relevant to this case, if subject matter jurisdiction is challenged under Rule 12(b)(1), "a district court has authority to consider matters outside the pleadings," Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (quotation omitted), and the decision to do so "does not convert the 12(b)(1) motion to dismiss into a motion for summary judgment," Deuser v. Vercera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998) (citation omitted).

Plaintiff submits evidence outside of the pleadings, a letter dated April 18, 2013 from Defendants' counsel to Plaintiff's counsel (ECF 12-1), in support of its opposition to the motion.[1] Defendants do not argue that the Court may not consider the letter or dispute its authenticity, and, indeed, rely on it themselves to support their own position. (ECF 13 at 2.) Accordingly, the Court will consider the April 18, 2013 letter in its discussion below.

## II. PLAINTIFFS' COMPLAINT

On May 23, 2013, Plaintiff filed its Complaint, in which it seeks relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (ECF 1.) It alleges that, from October 15, 2007 to March 4, 2013, Defendant Bohnert was employed by Plaintiff as its Vice President of Business Development. Plaintiff further alleges that Plaintiff and Defendant Bohnert expressed interest in developing a computer software system called the Site Survey Assistant Manager ("SSAM"), and that, through its President, Plaintiff instructed Defendant Bohnert to find appropriate software developers. Plaintiff alleges that, while Defendant Bohnert was an employee of Plaintiff and at the direction of Plaintiff, the SSAM source code was authored.

Plaintiff alleges that the SSAM source code was a work made for hire, and therefore it holds sole and exclusive ownership of the copyright in the SSAM source code pursuant to the United States Copyright Act ("Copyright Act"), 17 U.S.C. § 101 et seq. Additionally, Plaintiff alleges that Defendant Bohnert entered into an employment agreement with Plaintiff, the terms of which assigned whatever copyright he may have had in the SSAM source code to Plaintiff. Plaintiff alleges that Defendant Bohnert nevertheless withheld the SSAM source code from

---

[1] Defendants similarly attempt to introduce evidence outside the pleadings to support their assertion that Plaintiff has filed a related state action. (ECF 10 at 8.) However, although Defendants' motion refers to "Exhibit 1" and "Exhibit 2," the Court finds no such exhibits in the record. Nevertheless, there appears to be no dispute that Plaintiff filed a case in state court in which it asserts state-law causes of action. (See ECF 12 at 7.)

Plaintiff and formed Defendant Rapid Jack. Plaintiff alleges that Defendants hold themselves out as the owners of the copyright in the SSAM source code.

Plaintiff seeks a declaration that states the following: it is the sole and exclusive owner of the copyright in the SSAM source code; Defendant Bohnert does not have any ownership interest in the SSAM source code; the SSAM source code is a work made for hire; any copyright Defendant Bohnert may have had in the SSAM source code was assigned to Plaintiff; and Defendants do not have any ownership interest in the copyright of the SSAM source code.

### III. DISCUSSION

Defendants set forth two arguments to support their motion to dismiss.[2] First, Defendants argue that the instant dispute does not qualify as an actual controversy between the parties. Defendants contend that in a case such as this, an actual controversy exists only if a plaintiff has a real and reasonable apprehension that he will be subject to liability. Defendants argue that there is no actual controversy in this action because Plaintiff does not adequately allege that it has been threatened with litigation in connection with the SSAM source code. Further, Defendants state that Plaintiff alleges that it has been denied access to the SSAM source code, and that Plaintiff and Defendant Bohnert are parties to a licensing agreement under which Defendant Bohnert licensed the SSAM to Plaintiff until August 15, 2013.[3] Defendants argue that Plaintiff therefore could not be using the SSAM source code in a manner that would, at the time the case was filed, subject it to a real and reasonable apprehension of litigation.

Second, Defendants argue that the Court should use its discretion and decline to exercise jurisdiction over this case. Defendants state that Plaintiff has filed a similar action in state court, and that the Court should not permit Plaintiff to assert causes of action against Defendants in

---

[2] In their motion, Defendants also argue that Plaintiff's Complaint fails to invoke an independent basis for federal jurisdiction. (ECF 10 at 3-5.) However, Defendants abandon this argument in their reply. (ECF 13 at 1-2.)

[3] As noted below, this license agreement was referenced in the April 18, 2013 letter.

multiple forums. Defendants state that they do not "object to proceeding" before this Court; rather, "[i]t is the prospect of incurring the time and expense of simultaneously defending two law suits that Defendants find objectionable." (ECF 13 at 4.)

Plaintiff opposes Defendants' motion. Plaintiff highlights the allegations that it owns the SSAM source code copyright, that Defendants are holding themselves out as the owner of the SSAM source code copyright, and that Defendants are keeping the SSAM source code from Plaintiff. Plaintiff argues that these allegations alone satisfy the case or controversy requirement for subject matter jurisdiction. Nevertheless, Plaintiff agrees that it has filed another case in state court asserting, among other state-law causes of action, claims for misappropriation of a trade secret and conversion, and argues that the question of copyright ownership as defined by the Copyright Act is a definite and concrete dispute that must be resolved before it can prevail on such claims. Plaintiff maintains that it is not seeking relief in this Court after losing in state court. Rather, Plaintiff contends that federal courts have exclusive jurisdiction over a question of copyright ownership (specifically, whether or not Plaintiff is the author and owner of the SSAM source code under the work made for hire doctrine), and that the state court cannot decide the dispute set forth in the Complaint. Finally, Plaintiff attaches a letter dated April 18, 2013 sent from counsel for Defendant Rapid Jack to counsel for Plaintiff, in which Defendant Rapid Jack threatened to sue Plaintiff for breach of license agreement and copyright infringement if it continued to use the SSAM after the expiration of a referenced license agreement.[4] Plaintiff

---

[4] The April 18, 2013 letter states as follows:

> As you know, our clients are parties to a certain Intellectual Property/Software License Agreement . . . dated August 15, 2012. . . .

> Please note that the Agreement is for a term of twelve (12) months, which means that it expires on August 15, 2013.

> ***

argues that, although it believes that an actual threat of litigation is not necessary under the circumstances of this action to satisfy the case or controversy requirement, such a threat is evidenced in this letter.

## A.    Subject Matter Jurisdiction under the Declaratory Judgment Act

The Declaratory Judgment Act provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Supreme Court has stated that the phrase "case of actual controversy" refers to the "type of 'Cases' and 'Controversies' that are justiciable under Article III."  MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007).  To invoke properly the Declaratory Judgment Act, resolution of an alleged dispute must provide definite and concrete relief, "as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  Id. (quotation omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id. (quotation omitted) (rejecting prior, more stringent reasonable-apprehension-of-imminent-suit standard for declaratory judgment).  The burden is on the party claiming declaratory-judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed.  Powertech Tech. Inc. v. Tessera, Inc., 660 F.3d 1301, 1306 (Fed. Cir. 2011).

---

If Four Points continues to use the SSAM after August 15, 2013, then Rapid Jack will sue it for both breach of the License Agreement and for copyright infringement and seek all remedies available to it under the law. . . .

(ECF 12-1 at 1.)

As an initial matter, the Court notes that Defendants cite the wrong standard. As stated by the Supreme Court in MedImmune, the reasonable-apprehension-of-imminent-suit standard has been rejected. MedImmune, 549 U.S. at 127; see also Arris Group, 639 F.3d at 1373; Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007). Pursuant to the current standard, articulated in MedImmune, the circumstances of the instant case, taken as a whole, establish a justiciable controversy with Defendants that can be resolved by allowing Plaintiff to bring a suit for declaratory judgment. First, Plaintiff alleges that it is the owner of the SSAM source code copyright, but that Defendants hold themselves out to be the owners of the copyright. Accordingly, Plaintiff adequately alleges adverse legal interests in the SSAM source code copyright. Second, at the time of filing, a license agreement purported to exist between the parties was about to expire. The existence of such a license agreement would not preclude suit, even if it were renewed, see MedImmune, 549 U.S. at 130-32 (citing Altvater v. Freeman, 319 U.S. 359 (1943), as authority that a licensee's failure to cease its payment of royalties did not render nonjusticiable a dispute over the validity of a disputed patent), but the April 18, 2013 letter cited by Plaintiff demonstrates that Defendants threatened to pursue a claim for copyright infringement if Plaintiff continued to use the SSAM after expiration of that license agreement. Although such a threat is not necessary for jurisdiction, it demonstrates that the parties' adverse legal interests were immediate and real at the time the Complaint was filed. Therefore, Plaintiff has standing to maintain its declaratory claim against Defendants.

**B.      Discretion to Exercise Jurisdiction under the Declaratory Judgment Act**

Even if an action brought pursuant to the Declaratory Judgment Act otherwise satisfies subject matter jurisdictional prerequisites, a district court has "unique and substantial" discretion to consider practical issues in determining whether or not to exercise jurisdiction over a matter.

<u>Lexington Ins. Co. v. Integrity Land Title Co.</u>, 721 F.3d 958, 967 (8th Cir. 2013) (quoting <u>Wilton</u>

<u>v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995)).  In making this decision, a court should take into

account whether a contemporaneous, "parallel" state action involving state law has been filed.

<u>Id.</u>  A state action is parallel if it involves the same parties and is likely to resolve fully the

dispute "at the heart of the federal declaratory judgment action."  <u>Id.</u> at 968.  Determining

whether a state action is parallel involves examination of the "likelihood that a state court will

resolve the issues later presented in federal court," as well as the "likely completeness of any

such state-court resolution." <u>Id.</u>

    If there is a parallel state action, a district court has broad discretion to consider such

factors as judicial economy, judicial administration, practicality, and avoidance of gratuitous

interference with state proceedings.  <u>Id.</u> at 967.  Alternatively, when there is no parallel state

proceeding, the Eighth Circuit has approved the following factors to consider whether abstention

is appropriate:

> (1) whether the declaratory judgment sought will serve a useful purpose in
> clarifying and settling the legal relations in issue; (2) whether the declaratory
> judgment will terminate and afford relief from the uncertainty, insecurity, and
> controversy giving rise to the federal proceeding; (3) the strength of the state's
> interest in having the issues raised in the federal declaratory judgment action
> decided in the state courts; (4) whether the issues raised in the federal action can
> more efficiently be resolved in the court in which the state action is pending; (5)
> whether permitting the federal action to go forward would result in unnecessary
> entanglement between the federal and state court systems, because of the presence
> of overlapping issues of fact or law; and (6) whether the declaratory judgment
> action is being used merely as a device for procedural fencing—that is, to provide
> another forum in a race for res judicata or to achieve a federal hearing in a case
> otherwise not removable.

<u>Id.</u> at 968 (internal alternations omitted) (quoting <u>Scottsdale Ins. Co. v. Detco Indus., Inc.</u>, 426

F.3d 994, 998 (8th Cir. 2005) (adopting test articulated by the Fourth Circuit)).

In this case, Plaintiff seeks a declaration of copyright ownership pursuant to the Copyright Act. The Court agrees with Plaintiff that federal courts have exclusive jurisdiction over such a claim. See 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."); see also Network Prof'ls, Inc. v. Network Int'l Ltd., 146 F.R.D. 179, 185 (D. Minn. 1993) (finding that 28 U.S.C. § 1338(a) "provides that the district courts have original and exclusive jurisdiction of any civil action arising under federal copyright law"). Accordingly, the Court finds that consideration of the likelihood that the state court will resolve the instant issue, as well as the likely completeness of any such state-court resolution, both weigh in favor of finding that the contemporaneous state-court action is not parallel.

As the contemporaneous state-court case is not parallel, the Court will proceed to analyze Defendants' motion under the six-factor test set forth above. Factors one and two both weigh in Plaintiff's favor—a declaration by this Court concerning the copyright will clarify legal relationships and provide relief from uncertainty to the parties. Factors three, four, and five similarly weigh in Plaintiff's favor—because federal courts have exclusive jurisdiction in an action arising under federal copyright law, the state has minimal interest in having the instant issue decided in state court, and there is little chance for greater efficiency in or unnecessary entanglement with the state system. Finally, factor six also weighs in Plaintiff's favor—this is not an instance of procedural fencing, but rather an outcome required by the applicable jurisdictional statute. See Ellis v. Black, No. 08-3025, 2008 WL 3539524, at *3 (W.D. Ark. Aug. 11, 2008) ("To the extent that the case may be 'piecemealed' by having litigation going on

in two different forums, relevant law requires such, because federal courts have exclusive jurisdiction of copyright actions.  For the same reason, the state court does not provide an adequate forum for plaintiff's claim.  Federal law controls the outcome."); Pragmatic Software Corp. v. Antrim Design Sys., Inc., No. 02-2595 (JRT/FL), 2003 WL 244804, at *3 (D. Minn. Jan. 28, 2003) ("Although the Court is aware that some duplication of judicial proceedings is possible, there can be no duplication on the copyright claim, since federal courts have exclusive jurisdiction over federal copyright disputes.").  The Court therefore will exercise its discretion to hear the action and deny Defendants' motion to dismiss.

## IV.  CONCLUSION

For the above stated reasons,

**IT IS HEREBY ORDERED** that Defendants Bryan Bohnert and Rapid Jack Solutions, Inc.'s Motion to Dismiss Plaintiff Four Points Communication Services, Inc.'s Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (ECF 10) is DENIED.

Dated this 9th day of September, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE