UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FOUR POINTS COMMUNICATION SERVICE, INC., | )<br>)<br>) |
| Plaintiff/Counter-defendant, | )<br>) |
| v. | ) No. 4:13-CV-1003 JAR<br>) |
| BRYAN BOHNERT and RAPID JACK SOLUTIONS, INC., | )<br>)<br>) |
| Defendants/Counter-plaintiffs. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff/Counter-defendant Four Points Communication Service, Inc.'s ("Plaintiff") Motion to Dismiss Defendants/Counter-plaintiffs Bryan Bohnert and Rapid Jack Solutions, Inc.'s (collectively, "Defendants") Counterclaim for Failure to State a Claim Upon Which Relief Can Be Granted. (ECF 18.) Defendants filed a response in opposition to Plaintiff's motion. (ECF 20.) Plaintiff has not filed a reply brief, and the deadline to do so has expired. Accordingly, the matter is ready for disposition. For the reasons stated below, the motion will be denied.[1]

**I. STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). In

---

[1] On September 9, 2013, the Court entered an Order denying Defendants' motion to dismiss Plaintiff's Complaint. (ECF 14.)

ruling on a motion to dismiss, the district court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted); see also Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Only well-pleaded facts are accepted as true, while threadbare recitals of the elements of a cause of action, naked assertions devoid of factual enhancement, and legal conclusions are not. Ashcroft, 556 U.S. at 678. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 679. To survive a motion to dismiss, a complaint must contain sufficient well-pleaded facts to state "a claim to relief that is plausible on its face." Id. at 678 (quotation omitted). A claim has facial plausibility when the well-pleaded facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

## II.  DEFENDANTS' COUNTERCLAIM

On September 11, 2013, Defendants filed their Counterclaim. (ECF 17.) Defendants allege that Plaintiff is the creator of software for Apple i-Pads known as the Site Survey Assistant Manager ("SSAM"), which increases the efficiency and reduces the manpower and paperwork necessary to perform tasks in numerous industries. (Id. at 2.) Defendants further allege that Defendant Bohnert developed a SSAM application that "allows real estate agents to leave an i-Pad at an open house and visitors can enter their contact information into the software application, which then sends the information to the listing agent electronically nearly instantaneously." (Id.) Defendants contend that this SSAM technology is subject to the protections of the Copyright Act ("Copyright Act"), 17 U.S.C. § 101 et seq. (Id.)

Defendants allege that Defendant Bohnert used his own time and resources to purchase the software, hire computer programmers, and cover other expenses needed to develop the SSAM technology. (Id. at 3.) Defendants also allege that the SSAM technology is not a work made for hire and that Defendant Bohnert did not assign ownership of it to Plaintiff or any other person or entity. (Id.) Defendants further allege that Defendant Bohnert is the sole owner of the SSAM technology. (Id.) Defendants seek a declaration that Defendant Bohnert is the sole owner of, and that Plaintiff does not have any ownership interest in, the SSAM technology. (Id.)

### III. DISCUSSION

Plaintiff asserts that Defendants fail to allege any facts that would support a claim under the Copyright Act. In this regard, Plaintiff states that the Copyright Act affords protection for an original work of authorship, but not for an idea, method of operation, or process. Plaintiff argues that Defendants' Counterclaim does not allege authorship of an original work, but rather asserts a right in only the SSAM "technology." Plaintiff argues that such an allegation does not establish Copyright Act protection because it implicates a process or method of operation that is specifically excluded from such protection.

Defendants oppose Plaintiff's motion. Defendants argue that, while it is widely acknowledged that a computer program's literal components are protectable by a copyright on the program, it is also widely acknowledged that whether the nonliteral components of a program are likewise protectable depends on the specific facts of each case.[2] Accordingly, Defendants suggest that Plaintiff's motion, which would require the Court to determine what aspects of the SSAM technology are merely non-protectable ideas and what aspects are protectable expressions, is premature at this stage in the litigation.

---

[2] Literal components of a program are its source code and object code, while the nonliteral components are its "architecture, structure, sequence and organization, operational modules, and computer-user interface." GlobeRanger Corp. v. Software AG, 691 F.3d 702, 707 (5th Cir. 2012) (quotation omitted).

- 3 -

The Copyright Act extends copyright protection to "original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102(a). It does not extend protection to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Relevant to this case, the protection provided by the Copyright Act covers the unique source code of a computer program,[3] Rouse v. Walter & Assocs., L.L.C., 513 F. Supp. 2d 1041, 1066 (S.D. Iowa 2007), as well as some nonliteral elements of the program, GlobeRanger Corp., 691 F.3d at 707 ("[S]ome nonliteral aspect of computer programs are within the scope of copyright." (citation omitted)). When evaluating the elements of a computer program, the determination of what is protected and what is not protected under the Copyright Act is often fact specific and therefore generally cannot be made on the pleadings. See Two Palms Software, Inc. v. Worldwide Freight Mgmt., LLC, No. 4:10-CV-1045, 2011 WL 1004861, at *2 (E.D. Mo. Mar. 18, 2011) ("By their motion, plaintiffs are essentially asking the Court to determine whether the conduct alleged in [the defendant's] counterclaim amounts to a tangible expression of an idea or just an idea. . . . The Court cannot make this determination on the face of the complaint, as required in a motion to dismiss."); SAS Inst. Inc. v. World Programming Ltd., No. 5:10-CV-25, 2012 WL 5844910, at *7 (E.D.N.C. Oct. 18, 2012) ("The determination whether particular nonliteral elements are protectable is highly fact specific . . . and is seldom appropriately done at the dismissal motion stage." (citation omitted)); Oracle Am., Inc. v. Google Inc., 872 F. Supp. 2d 974, 1001 (N.D. Cal. 2012) ("[T]he structure, sequence and organization of a computer program may (or may not) qualify as a protectable element depending on the 'particular facts of each case' and always subject to exclusion of unprotectable elements."

---

[3] A "computer program" is defined as a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result. 17 U.S.C. § 101.

(citation omitted)). For a case in which an entire computer program is at issue, a court need only determine if any part of the program is entitled to Copyright Act protection to proceed. See Rouse, 513 F. Supp. 2d at 1066.

In this case, Defendants allege that that Defendant Bohnert expended the time and money needed to develop the SSAM technology, that Defendant Bohnert owns the SSAM technology, and that the SSAM technology is subject to the protections of the Copyright Act. Further, the SSAM technology is referred to as a software application in the Counterclaim. While not specifically alleged, the Court understands a software application to be a computer program.[4] At least some elements of a computer program may be copyrightable. Accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of Defendants, the Court rejects as premature Plaintiff's argument that the Counterclaim fails to allege authorship of an original work for which copyright protection is available.

## IV. CONCLUSION

For the above stated reasons,

**IT IS HEREBY ORDERED** that Plaintiff/Counter-defendant Four Points Communication Services, Inc.'s Motion to Dismiss Defendants/Counter-plaintiffs Bryan Bohnert and Rapid Jack Solutions, Inc.'s Counterclaim for Failure to State a Claim Upon Which Relief Can Be Granted (ECF 18) is DENIED.

Dated this 26th day of November, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[4] Defendants allege that, among other things, computer programmers were needed to develop the SSAM technology.