UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FOUR POINTS COMMUNICATION SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:13CV1003 JAR |
| BRYAN BOHNERT, et. al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Add Defendant and to File Its First Amended Complaint ("Motion"; ECF No. 36). Plaintiff Four Points Communication Service, Inc. ("Plaintiff") seeks to add Cory Cannon ("Cannon") as a new defendant to this action. In the proposed First Amended Complaint, Plaintiff alleges that ["d]uring the time that Defendant Cannon was employed by Plaintiff and at the direction of Defendant [Bryan] Bohnert, Defendant Cannon created a substantial portion of the source code for SSAM [Site Survey Assistant Manager, the computer software system for application on Apple products] for the benefit of Plaintiff." (ECF No. 36-1, ¶12). Plaintiff alleges that Cannon did this within the scope of his employment by Plaintiff. (ECF No. 36-1, ¶13). Plaintiff asserts that "[a]ll of the SSAM source code created by Cannon is a work for hire and the copyright in the source code is owned by Plaintiff." (ECF No. 36-1, ¶17). Plaintiff contends that it is necessary to join Cannon because he is the author of the SSAM survey software application and, therefore, the Court cannot afford complete relief without joining Cannon as a necessary party. (ECF No. 51 at 3). Plaintiff maintains that it only recently learned that Cannon, and not Bohnert, was the author of the SSAM source code and that Plaintiff timely sought leave to file its First Amended Complaint.

1

In response, Defendants assert that the Court should deny Plaintiff's request for leave to file a First Amended Complaint because it failed to act with reasonable diligence to add Cannon to this lawsuit. (ECF No. 46 at 1-6). Defendants claim that Plaintiff knew about Cannon's involvement as of June 13, 2013, when Plaintiff moved to add Cannon as a party to the corresponding proceedings in St. Charles County, Missouri Circuit Court, Cause No. 1311-CC00370. (ECF No. 46 at 2; ECF No. 46-1 (Plaintiff's Motion for Leave to File a First Amended Verified Petition and to Add a Defendant, filed in St. Charles County Circuit Court (stating that Defendant Bohnert and Cory Cannon were working in concert)).[1] Defendants also contend that Plaintiff's proposed amendment would be futile because Defendant Cannon has disclaimed any ownership interest in SSAM. (ECF No. 46 at 6-7; ECF No. 46-8 (Cannon's affidavit)).

The Court will grant Plaintiff's Motion. The Court believes Plaintiff's Motion was timely because Plaintiff only recently learned that Cannon was the author of the SSAM source code, and not just Bohnert's subordinate or collaborator. Cf. ECF No. 36-1 and ECF Nos. 46-1, 46-2. In addition, the Court holds that Cannon is an indispensable party to this Copyright action pursuant to Fed.R.Civ.P. 19 because Plaintiff alleges that Cannon was the author of the SSAM source code. Cannon, as the alleged author of the SSAM source code, is necessary because he would have rights under the Copyright Act in the event that the Court found that Cannon was not performing work for hire—either for Plaintiff or for Defendants Rapid Jack Solutions, Inc. and Bohnert. See 17 U.S.C. § 102(a)(The Copyright Act extends copyright protection to "original works of authorship fixed in any tangible medium of expression...."); Feist Publications, Inc. v. Rural Tel. Serv. Co.,

---

[1] In the state court action, Plaintiff Four Points alleges that Defendants Bryan Bohnert, Cory Cannon and Rapid Jack Solutions are, among other things, engaged in trademark infringement, breaching Bohnert's employment agreement, breaching Cannon's confidentiality agreement, and violating the Missouri Uniform Trade Secrets Act. (ECF No. 46-2).

2

Inc., 499 U.S. 340, 345 (1991)("To qualify for copyright protection, a work must be original to the author."). Although Cannon has filed an affidavit that purports to disavow any individual ownership interest in the SSAM software application and its Copyright (ECF No. 46-8), the Court does not believe that this is sufficient. The Court holds that Cannon's presence is necessary to this litigation because a judgment of this Court is the only means to afford complete relief to the parties. Therefore, the Court grants Plaintiff's Motion for Leave to Add Defendant and to File Its First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Add Defendant and to File Its First Amended Complaint [36] is **GRANTED**.

Dated this 29th day of July, 2014.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**